806

### KELLY–SPRINGFIELD TIRE CO. v. MANSON et al.

District Court, N. D. California, S. D. March 20, 1929.

No. 18228K.

Gaylord & Smith, of San Francisco, Cal., for plaintiff.

Louis Oneal, of San Jose, Cal., and Thos. J. Riordan and Leo Collins, both of San Francisco, Cal., for defendants.

KERRIGAN, District Judge. A motion has been made to transfer this case to the equity side of this court, for the trial of certain issues raised by the answer and counterclaim on file, prior to the trial of issues of law by the jury. The theory of the motion is that the answer and counterclaim plead equitable defenses and seek equitable relief in this action at law, under the provisions of section 274b, Judicial Code, 28 USCA § 398.

The complaint is based upon a consignment contract, and seeks either the return of certain consigned goods or their value, together with damages for the alleged wrongful detention of the goods. The answer and counterclaim raise the issue of fraud in the inception of the contract pleaded by plaintiff. The counterclaim seeks money damages, both general and special, and does not ask any of the remedies peculiar to equity.

The Judicial Code provides in section 267 (28 USCA § 384): "Suits in equity shall not be sustained in any court of the United States in any case where a plain, adequate, and complete remedy may be had at law."

It has been held, under this section, that an action sounding in fraud, where the only relief sought is money damages, is an action not cognizable in equity. Buzard v. Houston, 119 U. S. 347, 7 S. Ct. 249, 30 L. Ed. 451. In the present case, the relief sought by counterclaim would not be recoverable in equity were it sought by independent bill, as the only relief sought consists in a prayer for a money judgment. On principle, a defense based upon fraud, which seeks only such relief as a court of law could award, should be regarded as a legal and not an equitable defense. Judge Van Fleet has so decided in this district in American Sign Co. v. Electro-Lens Sign Co. (D. C.) 211 F. 196, where he overruled a demurrer and motion to strike an answer and counterclaim, seeking only money damages on account of plaintiff's alleged fraud, holding that such answer and counterclaim presented a legal defense. This case was decided prior to the passage of Judicial Code, § 274b, permitting equitable defenses in actions at law.

For the reasons above set forth, the motion to transfer to the equity side of the court for trial of issues presented by the answer and counterclaim will be denied, on the ground that the issues sought to be tried are properly within the jurisdiction of a court of law.